FILED
January 04, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003993730

4
Michael F. Burkart, Trustee
5150 Fair Oaks Blvd., #101-185
Carmichael, CA 95608
Tel: (916) 485-0412
E-mail: burkart@cwo.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

**LESLIE GAYE BRACK,**

    Debtor.

Case No. 10-26347-D-7
DCN:    MFB - 2

DATE:    January 25, 2012
TIME:    10:00 AM
DEPT:    D
COURTROOM:  34 (6th Floor)

**TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE
FREE AND CLEAR OF LIENS
[11 USC §363(f)]**

TO:  THE HONORABLE ROBERT S. BARDWIL, JUDGE
      UNITED STATES BANKRUPTCY COURT

    The undersigned, Michael F. Burkart, being the duly appointed Trustee in the Bankruptcy Estate of Leslie Gaye Brack, (the "Debtor"), requests that this Court modify its Order of December 23, 2011, authorizing the sale of the Bankruptcy Estate's interest in that certain real property previously owned by the Debtor, clear and clear of the lien of the Franchise Tax Board. The Real Property is comprised of unimproved residential lot of approximately 0.60 acres, and is commonly known as 9916 Spyglass Circle, located in an unincorporated area of Placer County just northwest of the City of Auburn, California, (APN: 026-440-035-000) (the "Subject Property"). The Trustee respectfully represents as follows:

    1.    The Debtor filed a voluntary Chapter 7 Bankruptcy Petition on March 15, 2010, and an Order for Relief was entered thereon.

    2.    Michael F. Burkart was appointed as the Interim Chapter 7 Trustee on or about March 15, 2010, and continues to serve in that capacity.

3. The Debtor's Schedule "A" filed on March 15, 2010, disclosed real property described as "Bare Land, 1 Acre, APN #206-440-035-00, 9916 Spyglass Circle, Auburn, CA 95602", (the "Subject Property"), having a market value of $154,000.00.

4. Pursuant to the Debtor's Schedule "C" also filed on March 15, 2010, there has been no monetary exemption claimed pertaining to the Subject Property. However, the Debtor subsequently filed a Supplemental Schedule "C" on December 7, 2011, claiming an exemption in the $3,288.00 pursuant to C.C.P §703.140(b)(5) pertaining to the Subject Property.

5. The Debtor's Schedule "D" filed on March 15, 2010, disclosed no indebtedness nor liens secured by the Subject Property.

6. The Court has jurisdiction over the current motion under 28 U.S.C. sections 1334 and 157(a). This Motion is a core proceeding under 28 U.S.C. section 157(b)(2)(N).

7. Pursuant to a previous Trustee's Motion to Sell Real Property of the Estate (see DCN: MFB-1), this Court issued an Order on December 23, 2011, entered as Docket #23, authorizing the Trustee to sell the Subject Property on a cooperative basis with the Debtor's former spouse, David Brack, thereby splitting net sale proceeds on a 50%-50% basis. As such, the undersigned Trustee is now requesting approval to modify the Court's prior Order December 23, 2011. A true and correct copy of the Court Order of December 23, 2011, entered as Docket #23, is submitted herewith as Exhibit No. 1 and made reference herein.

8. Thereafter, the undersigned Trustee received a Preliminary Title Report prepared by Stewart Title of Placer County, dated December 15, 2011, pertaining to the Subject Property. This Report reflects fee simple title vested under the name of **"David Brack and Leslie Brack, husband and wife, as community property, with right of survivorship"**. In addition, there are real property tax liens in favor of the Placer County Tax Collector (for delinquent real property taxes totaling $7,385.72), liens recorded in favor of Auburn Valley Property Owners Association (for delinquent homeowners association fees in the amount of $1,782.90) as well as Auburn Valley Service Corporation (for delinquent water and sewer charges in the aggregate amount of $6,154.64). A true and correct copy of the Preliminary Title Report prepared by Stewart Title of Placer County is submitted herewith as Exhibit No. 2 and made reference herein.

/////

/////

9. David Brack and Leslie Brack owned the Subject Property prior to their divorce pursuant to the Grant Deed recorded on August 11, 2008. A true and correct copy of the Grant Deed recorded on August 11, 2008, is submitted herewith as Exhibit No. 3 and made reference herein.

10. 11 U.S.C. section 541(a)(2) provides that assets held under a bankruptcy estate are comprised of "All interests of the debtor and the debtor's spouse in community property as of the commencement of the case......."

11. 11 U.S.C. section 363(h) provides authority for the trustee to sell both the estate's interest and the interest of any co-owner in property which the debtor had immediately before the commencement of the case.

12. The Trustee has also obtained a copy of a Notice of State Tax Lien, under Certificate Number 11187329666, recorded on July 7, 2011, by the State of California, Franchise Tax Board, , against David M. Brack, (the Debtor's former spouse), in the amount of $4,982.76. A true and correct copy of the Notice of State Tax Lien, recorded on July 7, 2011, is submitted herewith as Exhibit No. 4 and made reference herein.

13. The undersigned Trustee asserts that this State Tax Lien recorded by California Franchise Tax Board against David Brack is not a valid lien against the community property held under this bankruptcy estate as it was recorded after the commencement date of this bankruptcy proceeding.

14. 11 U.S.C. section 363(f) provides authority for the trustee to sell property free and clear of liens. As such, the trustee may sell such property free and clear of liens if the price at which the property is to be sold is greater than the aggregate value of all liens on the property.

15. The Trustee still has a pending offer from a neighboring property owner, Walter J. Kim (the "Buyer"), or his assigns, to purchase the Subject Property in an "as is" condition for a total of $75,000.00 (all cash) subject to U. S. Bankruptcy Court. The pending sale escrow is to close no later than ten days after the entry of the court order authorizing the proposed sale. As such, the Trustee requests that the Court grant a request to waive the 10-day stay as provided under Rule 6004(g).

16. The pending sale agreement with the Buyer provides that the Trustee, as Seller, shall pay the normal costs attendant to the sale (i.e., recording fees, documentary transfer tax, notary fees, real property taxes, homeowners association fees and assessment fees for utilities) and 50% of title insurance and escrow fees. There will be no realtors commissions paid by the Seller.

/////

17. Based upon the foregoing, the Trustee requests authority to pay all of the Seller's costs as provided in the pending Sale Agreement including all delinquent real property taxes, homeowners association fees and assessment fees and to pay any other secured liens in favor of the Placer County Tax Collector.

WHEREFORE, the undersigned Chapter 7 Trustee respectfully requests that this Court modify the sale of the Estate's interest in the Subject Property and issue an order providing as follows: A.) Authority to sell the Subject Property for $75,000.00 cash, free and clear of any liens in favor of the California Franchise Tax Board; B.) Authority to pay all costs attendant to the sale, including but not limited to, recording fees, documentary transfer tax, notary fees, pro rated real property taxes, homeowner association fees and assessments, title and escrow fees, and any repairs or other costs necessary to close; C.) Authority to pay the recorded property tax liens in favor of Placer County Tax Collector; D.) Authority to pay all current and delinquent homeowners association fees and assessments for utilities; E.) Grant the Trustee's request to waive the 10-day stay as provided under Rule 6004(g); and, F.) Authority for the Trustee to execute all documents, including a grant deed, necessary to complete this contemplated sale.

Respectfully submitted,

Dated: Jan. _4_ , 2012         /s/ Michael F. Burkart
                               Michael F. Burkart, Bankruptcy Trustee